NOT FOR CITATION OR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DONNIE ALLEN, II, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-135 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JIM BOOTH, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff brought claims under 42 U.S.C. § 1983 against two defendants including Jim Booth, a retired Kentucky State Police Officer.  Defendant Booth filed a motion to dismiss the claims against him in his official capacity.  R. 8.  Plaintiff did not respond.  The Court is permitted to construe the failure to respond as a waiver and could dismiss these claims on that ground alone. *See Scott v. Tennessee*, No. 88-6095, 1989 U.S. App. Lexis 9653, at \*4 (6th Cir. July 30, 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").  Nevertheless, the merits also dictate a dismissal as discussed below.

Section 1983 claims against a public official in his official capacity are construed as claims against the entity for which he is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.  As long as the government entity receives notice

and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (citations omitted)); *Claybrook v. Birchwell*, 199 F.3d 350, 356 n.4 (6th Cir. 2000) ("An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents."). Thus, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus a claim against Booth in his official capacity is the same thing as a claim against the Kentucky State Police.

The Kentucky State Police is a statutorily created Department within the Justice and Public Safety Cabinet, which is charged with statewide law enforcement. Ky. Rev. Stat. 16.060. The Kentucky State Police is funded by appropriations from the Kentucky general assembly and acts as an arm of the government of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. 16.050(1) (referencing the Department's budget request to the General Assembly).

States are protected with sovereign immunity by the Eleventh Amendment of the United States Constitution, which bars suits in federal courts by private parties seeking damages that would be paid from the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Unless the state consents to be sued, a suit where the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). This immunity extends to state agencies and their officials when the "agency or institution can be characterized as an arm or alter ego of the state, or [when] it should be treated instead as a political subdivision of the state." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), *cert. denied*, 114 S. Ct. 1071 (1994); *Hall v. Medical College of Ohio at*

2

*Toledo*, 742 F.2d 299, 301 (6th Cir. 1984), *cert. denied*, 469 U.S. 1113 (1985) (citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)); *see also Estate of Ritter v. University of Mich.*, 851 F.2d 846, 848 (6th Cir. 1988) (finding that the federal question of whether the Eleventh Amendment is applicable entails consideration of the status of the state agency under state law). Furthermore, the Supreme Court has decided that neither a state nor its agencies are "persons" susceptible to being sued under Section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Quern v. Jordan*, 440 U.S. 332, 339-42 (1979); *see also Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990).

Since the Kentucky State Police is an arm of the state and a judgment against it would be funded from the state treasury, it is protected from suit by the Eleventh Amendment. And since a suit against Booth in his official capacity is the same thing as a suit against the Kentucky State Police, this claim is prohibited as well. Thus, the Section 1983 claims against Booth in his official capacity must be dismissed.

It does not appear from the Complaint, R. 1, that Plaintiff asserts state law claims against Booth in his official capacity, but to the extent that he does, Booth is similarly immune from these claims. Under Kentucky law "[a] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental as opposed to a proprietary function." *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001). Because "governmental immunity extends to state agencies that perfom governmental functions and are supported by the state treasury . . . . [a]n analysis of what an agency actually does is required to determine its immunity status." *Autry v. Western Kentucky University*, 219 S.W.3d 713, 717 (Ky. 2007). When an entity acts "for the

3

purpose of preserving the peace, in the interest of public health, and in enforcement of laws for the safety of the public" it is acting in a governmental capacity. *Hirschfeld v. Commonwealth*, 76 S.W.2d 47, 48 (Ky. 1934).

As discussed above, the Kentucky State Police is a Department within the executive branch of the central government of Kentucky which is funded by the budget of the General Assembly and charged with statewide law enforcement. See Ky. Rev. Stat. 16.060. "It is one of the sovereign powers of the government to enforce the observance of all criminal laws within its jurisdiction," *Hirschfeld*, 76 S.W.2d at 48, and "[t]he prevention of crime is a purely governmental function, undertaken for the benefit of the public at large," *Caudill v. Pinson*, 24 S.W.2d 938, 940 (Ky. 1930). Since enforcing the law is governmental function, when the Kentucky State Police acts according to its mandate to enforce the law, it is protected by immunity.

Furthermore, any claims against Booth are for his failing to properly train or supervise the other Defendants as a result of his position with the Kentucky State Police. When a public official acts in his official capacity he is protected by the same immunity that would be afforded the agency by which he is employed. *Yanero*, 65 S.W.3d at 522. Booth's actions or inactions of training or supervising other law enforcement officers to enforce the laws of the Commonwealth of Kentucky constitute governmental not propriety actions. Since the Kentucky State Police would be entitled to immunity from suit for these actions, and as public official acting in his official capacity Booth possesses the same immunity that would be afforded the Kentucky State Police, he is immune from any state law claims against him in his official capacity which may be found in the Complaint, R. 1.

4

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)     Defendant's Motion, R. 8, is **GRANTED**.

(2)     Because under Section 1983 Defendant Booth is immune from suit in his official

capacity, the Section 1983 official capacity claims against him are **DISMISSED**.

(3)     Because Defendant Booth is immune under state law for his governmental actions

as a member of the Kentucky State Police, any state claims against him in his

official capacity are **DISMISSED**.

This the 5th day of November, 2008.

**Signed By:**

**_Amul R. Thapar_**

**United States District Judge**

5